FILED - GR
March 4, 2014 10:33 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_mkc /_____   SCANNED BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN.

1:14-cv-210
Robert Holmes Bell
U.S. District Judge

------------------------------------------------------------------------

KHEONG SEN LEE of 6643 Westshire drive, Muskegon.Mi-49444

Plaintiff

- against-

1). 1679 RED WOK INC of 1679 East Sherman blvd, Muskegon.Mi - 49444,

2). YI XING LIN of 2323 Chester avenue, Muskegon.Mi- 49444 and

3). RED WOK PROPERTIES LLC, 1679 East Sherman blvd, Muskegon.Mi-49444.

Defendants.

-----------------------------------------------------------------x

## COMPLAINTS

The plaintiff, individually and respectfully state as follows :

### NATURE OF THE ACTIONS

1. Plaintiff alleges the defendants activities alleged herein are conducted in

violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C.§ 1961,et seq.The predicated acts are money laundering,tax,mail and wire fraud,tax evasions and the hiring ,harboring and transportation of undocumented workers.These acts are predicated for financial gains and the defendants are the primary beneficiaries.

    2. Due to the defendant's intentional,reckless and illegal conduct, Plaintiff's business (restaurant) has been directly harmed .A direct relationship existed to proof that the defendants unscrupulous acts injured Plaintiff's business.Plaintiff has commenced this action seeking for himself the compensation for loss of business,attorney fees and costs.

## JURISDICTION AND VENUE

    3. This court has subject matter jurisdiction over the claims made in this lawsuit pursuant to 28 U.S.C § 1331 and 28 U.S.C.§ 1367(a).

    4. Venue is proper and appropriate ,pursuant to 28 U.S.C. § 1391 (a)(1) and (2).

## PARTIES

    5. Plaintiff,Kheong Sen Lee resides in Muskegon County, state of Michigan and owned a business (restaurant) in Muskegon,Michigan.The restaurant suffered losses and ceased operations.Plaintiff's business is a direct business competitor.

    6 (a).Upon information and belief,Red Wok Chinese buffet restaurant has

been in operation since 2004 and owned by 1679 Red Wok Inc,(formerly Red Wok Inc), a corporation registered in the state of Michigan.

(b). Red Wok Properties LLC owns the commercial building at 1679 Sherman blvd,Muskegon. Mi-49444 in which Red Wok buffet restaurant operates.Defendant Yi Xing Lin owns Red Wok Properties LLC.

7.Upon information and beliefs,Defendants Yi Xing Lin (hereinafter defendant Lin ) directs the operations and decision-making of Red Wok Chinese buffet restaurant,and also maintains the inter-relationship of operations,control of labor,common management and financial aspects of all the restaurants.

8.Upon information and beliefs, Defendant Lin has an 'enterprise' of three other restaurants in Western Michigan.The restaurants are

a.) Restaurant 01-31-12 Inc doing business as Kazumi Japanese steak house in Norton Shores,Michigan since 2012.

b.) Tian li restaurant Inc (formerly Mingwok Inc) doing business as Mingten Restaurant in Grand Rapids,Michigan since 2006.

c.) Ten Ten Restaurant LLC doing business as Ten Ten buffet in Kalamazoo ,Michigan since 2012.

9. Defendant Lin owned,operated and managed interest in all the business above.Defendant Lin manipulates the operations of all the above restaurants with the help of family members and friends.To avoid detection by proper authorities for their criminal act,all the above restaurants are registered under other's name.

10. The United States Department of Treasury, Internal Revenue Service (IRS) is an agency of the United States responsible for the administration and collection of employment related and income taxes for both businesses and individuals operating within the United States. The term "payroll taxes" includes federal withholding income taxes, Social Security taxes, Medicare taxes, and federal unemployment taxes.

11. Michigan Department of Treasury Agency is responsible for the administration and collection of employment related and, or income taxes for both businesses and / or individuals operating within the state of Michigan. The term "payroll taxes" includes state income taxes, unemployment taxes, and/ or other applicable taxes.

## DEFENDANTS' WRONGFUL CONDUCT

12. During the same period Plaintiff's restaurant were in business, the Defendants did knowingly and ,or with reckless disregard routinely hire unauthorized alien workers in order to staff their restaurant kitchen operations, thereby cutting costs and maximizing profits. In general, the Defendants

   a. Required the unauthorized aliens to work long hours (twelve hours a day) with only a day off a week.

   b. Paid the unauthorized aliens in cash, mostly at a rate below minimum wage;

    c. Did not withhold state and / or federal taxes from the wages paid to unauthorized aliens;

    d. Did not require the unauthorized aliens to present documents establishing identity and /or employment eligibility as required by law; and, as an incentive, and in order to remain competitive, the Defendants often provided housing, meals, and transportation to their unauthorized alien worker(s).

13. The Defendants further profited by not allowing unauthorized alien workers to receive overtime compensation, competitive salaries, vacation time, sick leave, compensatory time, or other benefits. The restaurants profited further by avoiding payment of employment taxes via cash payment of unauthorized workers' salaries. Unauthorized alien workers did not receive health examinations, food safety training, or job training at any time while employed, resulting in further savings for the restaurants.

14. The Defendants failed to comply with Section 274A of the INA, because it is also unlawful for a person or other entity to hire, or to recruit, for employment in the United States, an individual without complying with the requirements of the employment verification system.

15. The Defendant's enterprise recruited, employed, transported, harbored, and encouraged and induced unauthorized aliens to work at their restaurants. The Defendants knew that the in turn:

a. Employed the unauthorized alien in a manner contrary to immigration law;

b. Did not provide for worker's compensation coverage for the unauthorized workers,

c. Did not provide overtime benefits for the unauthorized alien employees in accordance with employment regulations, and;

d. Did not withhold payroll taxes for unauthorized alien employees.

16. Defendant Yi Xing Lin was ordered removed by the Immigration judge and had been a fugitive (illegal presence) since. Defendant Lin and his 'enterprise' has committed several fraud to obtain immigration benefits.

17. Defendant Lin lied under oath, committed perjury in his unsuccessful gun permit application in Muskegon County Clerk's office, Michigan.

18. The Defendants under-reported Sales tax to the State of Michigan. Only 60 percent of the monthly sales are reported. It is mainly the Credit card sales and just only 25 percent of the cash sales. The remaining cash sales is unaccounted (skimmed). The skimmed sales amount is $ 35,000 to $ 50,000 dollars per month and varies based on the seasonal performance of the restaurant.

19. The Defendants pay majority of the Illegal workers in cash. To better monitor the workers and shield them from detection, Lin housed them at a nearby safe house and had them transported to and from work in 15-passenger vans. In its place, family member's name and social security number are used for employment

tax filing.The scheme is manipulated by Defendant Lin.

20. These predicate racketeering acts conspired by the Defendants are for personal gains and are they are the beneficiaries. It falsified income and business documents.In aggregate,Defendant Lin and the enterprise cheated nearly $ 1.8 million dollars in tax amount owed to the government since the opening of each restaurants.The restaurants' Incorporation name is deliberately changed from time to time to minimize detection by the concerned authorities.

21. These reckless,intentional and illegal scheme of wire and mail fraud,tax fraud,money laundering and harboring of illegal Immigrants are criminal acts committed by the Defendants and are chargeable by the concerned authorities.

22. The Defendants conspired to pay less wage to the Illegal workers,in some cases below the minimum wage.The restaurant servers are not paid at all.They earn their living from tips customers leave behind.Some kitchen workers are paid as little as $ 1400 dollars a month for a 75 hours work week. These acts are deliberate and intentional for personal financial gain.. Had proper hiring and all labor laws been followed,the monthly employee's salary and wages would be $ 18,000 or more.

23. The pattern of the above wrongful conduct of the Defendants are repeated in their other restaurants although dollar amount varies.It is the very pattern of operations which give them an edge over their competitor.And due to the intentional and fraudulent scheme committed by Defendant Lin, he is personally

liable for the damage under the exceptions to limited liability by officers of a company.

## DEFENDANTS'S WRONGFUL CONDUCT HARMED AND DAMAGED PLAINTIFF

24. The Defendants knew that they could hired the Illegal Immigrants for less wages and at a cheaper cost than hiring individuals who had the legal right to work in the United States.

25. Due to the Defendants of hiring Illegals and tax fraud, it cuts the monthly expenses of each restaurant by $ 23,000 or higher. This provides them with an unfair advantage and can therefore charge cheaper price for their 'all you can eat buffet'.

26. The alleged purpose of the defendant's conduct was to purposefully divert customers away from the plaintiff's business (and other small mom and pop restaurant) by offering a cheaper price for unlimited options of food. It resulted in loss of business for the plaintiff and others.

27. The Defendant's knowingly, through illegal acts are able to offer cheap prices to the diners. Without the cost cutting attained through unscrupulous methods, the Defendants would have to charge a higher price ( fair competition) in order to sustain the business.

28.   The Defendants would and did routinely hire unauthorized

undocumented laborers in order to staff their operations and businesses, thereby cutting costs and maximizing profits. In general, they worked the unauthorized laborers long hours, paid the unauthorized workers in cash, did not withhold state or federal taxes, and they did not require the unauthorized immigrants to present documents establishing identity and employment eligibility as required by law. As an incentive, the Defendants provided safe houses, board, and transportation to their unauthorized illegal laborers. The Defendants would contact the different Asian employment agency in order to obtain (supply) unauthorized alien labor for their restaurant operations.

29. Although the illegal scheme allegedly targeted Plaintiff's business, the predicate acts were actually perpetrated against Michigan tax department through the Defendants fraudulent and false submission of tax returns in violation of 18 U.S.C. 1341 and 1343. However, because these acts were taken for the purpose of securing a competitive advantage against the plaintiff's business and others, a direct relationship existed between the predicate acts committed and the injury suffered by the Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION

### RICO VIOLATION

30. Plaintiff incorporate paragraphs 12 - 23 as if fully set forth herein for all purposes.

31. Defendants' (hereinafter "RICO" Defendants) activities alleged herein are conducted in violation of the Racketeer Influenced and Corrupt Organization Act ("Rico"),18 U.S.C.§ 1961,et seq.

32. The RICO Defendants are each "persons" capable of holding a legal or beneficial interest in property within the meaning of 18.US.C.§ 1961(3).

33. In hiring Illegal Immigrants and committing tax fraud,the RICO Defendants associated themselves in managing an enterprise that grossly affected fair competition through a pattern of racketeering activity.The activity of the RICO Defendants constitute an ongoing scheme to injure the Plaintiff and defraud the Michigan Department of treasury and the employees of the Defendant Lin's multiple restaurants.Each of the RICO Defendants is liable as a principal in the scheme.

34. Each separate use of the United States mails or interstate wire communications in furtherance of the RICO Defendants' fraud and scheme constituted a racketeering activity under 18 .U.S.C § 1961 (1)(b).

35. The RICO Defendants have committed at least two acts of racketeering activity not separated by more than ten years since the enactment of RICO.The RICO Defendants' ongoing and systematic efforts to injure the plaintiff,defraud the tax authorities and the undocumented workers at their restaurants , pose a threat of ongoing and continuing illegal activity.The RICO Defendants are engaged in a pattern of racketeering activity under U.S.C.§ 1961(5).

36. The RICO Defendants were, at all times relevant, engaged in an enterprise as that term is defined in 18.U.S.C.§ 1961 (4) and engages in ( and its activities affect) interstate commerce by, transportation of Illegal Immigrants across the borders of the United States and by employing the immigrant workers in their restaurants was processed as a result of the illegal scheme to manipulate and depress the labor market.

37. The RICO Defendants also manipulated and conspired to commit tax fraud as defined in 18 U.S.C 1961 (4).

38. The RICO Defendants have increased their profits and received specific financial income from their racketeering activity described herein - namely in the scheme to manipulate and illegally cut business expenses .By manipulating and illegally controlling the expenses (tax and workers pay),the RICO Defendants have acquired or maintained and interest in,or control of, an enterprise affecting interstate commerce through their pattern of racketeering activity in violation of 18 U.S.C.§ 1962 ( c ).

39. Each of the RICO Defendants participated as a principal in the pattern of racketeering activity.

40. As a direct and proximate cause of the racketeering activity of the RICO Defendants,as set forth herein,and as a result of the violation of 18 U.S.C § 1962(a) (b) and ( c ).Plaintiff is not alleging the Defendants wholly responsible for the failure of the restaurant but there is a direct relation between the unscrupulous

act of the Defendants and the loss of business in Plaintiff's business. Therefore, Plaintiff have been injured in his business and is seeking the amount of Fifty-nine thousand dollars ($59,000) to recover the partial cost of the restaurant start up investment and is entitled to three times its amount - A hundred and seventy-seven thousand dollars ($177,000) and the costs of this suit, including reasonable attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION

## CIVIL CONSPIRACY

41. Plaintiffs incorporated paragraphs 10- 18 as if fully set forth herein for all purposes.

42. Upon information and belief, Defendant Lin have engaged and participated with agents and family members in an effort to intentionally manipulate the restaurants expenses, mainly employing Illegal workers and tax fraud.

43. Defendants and their co-conspirators have acted in combination to wrongfully and illegally have an unfair business advantage over their competitors. The Defendants used their family member's and friend's name and social security numbers to report employment, so as to avoid detection by the authorities for their illegal acts.

44. This conspiracy by the Defendants was committed with malice and

specific intent to harm the Plaintiff,the Government and the employees of the Defendant's restaurants.

45. Defendants have been unjustly enriched by the their conspiracy.Because of Defendants malicious and intentional conspiracy to harm,Plaintiff have been injured and seek the imposition of exemplary damages against the Defendants,in the collective amount of ThirtyThousand Dollars($30,000), in an attempt to deter Defendants from engaging in this type of conduct in the future.

## REQUESTED RELIEF

Wherefore,Plaintiffs respectfully request that,upon final trial of this matter, a judgement as follows:

A.That the Court enter a judgement against the defendants that they have

(1) violated RICO,18 U.S.C.§ 1961,et seq., and did do knowingly, intentionally and with malice and

(2) conspired to wrongfully and illegal manipulate the restaurants operation,so as to cause harm and did so knowingly,intentionally and with malice.

(3) That the Court orders the Michigan Department of Treasury and the Department of Labor to initiate an investigation on the Defendants. Because lost in this equation are the other victims namely the undocumented employees of the Defendants,Internal Revenue Service

  and Michigan department of Treasury.

B. That the Court orders the Defendants to pay, jointly and severally, the following:

 (1) Actual economic damage of Fifty-nine thousand dollars ($ 59,000)

 (2) Threefold the actual economic damage amount which is A Hundred and seventy-seven thousand dollars ( $ 177,000).

 (3) Exemplary damage in the amount of Twenty-Five Thousand dollars ($30,000).

 (4) Pre-Judgement Interest as provided by law.

 (5) Attorney's Fees in the amount of A Thousand dollars ( $ 1,000)

 (6) Costs of Suit in the amount of One Thousand dollars ($ 1,000 )

 (7) Post-Judgement interest as provided by law. and

 (8) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the federal Rules of Civil Procedure, Plaintiff demand a trial by jury on all questions of the fact raised by the complaint.

Dated: 3rd March, 2014 (03/03/2014).

Muskegon.Michigan.

Respectfully submitted,

Kheong Sen Lee

6643 Westshire drive,

Muskegon.Mi - 49444.

PH - 231-220-3672.